JOSEPH LAUX, Respondent, *v.* GEORGE GILDERSLEEVE, Appellant, Impleaded with MELVINA G. HONEYMAN.

*Stay on an appeal to the Appellate Division from a final judgment for a sum of money — it continues for ten days after the sufficiency of the sureties is excepted to.*

On an appeal to the Appellate Division from a final judgment for a sum of money the stay of execution obtained by filing the undertaking specified in sections 1327 and 1352 of the Code of Civil Procedure, continues in force until the expiration of ten days from the time that exceptions to the sufficiency of the sureties are served, unless the undertaking is disallowed by the court prior to the expiration of that time; and an execution upon the judgment cannot be properly issued during that time.

APPEAL by the defendant, George Gildersleeve, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 2d day of August, 1897, denying the motion of the said defendant

to vacate the execution issued by the plaintiff herein, and to punish the plaintiff and his attorney for contempt for issuing the same.

The action was brought to recover upon a promissory note, and a verdict in favor of the plaintiff for $9,943.43 was rendered by the jury.

*Morris P. Ferris,* for the appellant.

*Herbert H. Walker,* for the respondent.

INGRAHAM, J.:

We think this motion should have been granted. At the close of the trial of the action all proceedings to enforce the judgment, which should be entered upon the verdict, were stayed by an order of the trial judge. That stay did not expire until April 1, 1897. On the 27th day of March, 1897, the defendants filed and served an undertaking, executed in accordance with the provisions of the Code of Civil Procedure, sufficient to stay all proceedings upon the judgment until the hearing and determination of the appeal taken therefrom. The sufficiency of the sureties was objected to on March twenty-ninth, and notice of justification was served for the 3d of April, 1897. On that day the testimony of the sureties was presented to Mr. Justice BEACH, holding a Special Term of the court, who stated that he desired an examination of the defendants themselves before passing upon the sufficiency of the sureties. Thereupon the parties consented to adjourn the proceeding until April 8, 1897, for the purpose of an examination of the judgment debtor, and such consent contained the following provision: "The judgment debtors to have time for filing of new bond if justification hereon not sufficient;" and by subsequent stipulations the proceedings were adjourned until April twenty-eighth, on which day the undertaking was submitted to Mr. Justice BEEKMAN, who subsequently filed a memorandum refusing to approve the undertaking, but allowing the appellants to substitute a new undertaking with other sureties. No order was entered upon this decision of Mr. Justice BEEKMAN, but subsequently, by an arrangement between the parties, the undertaking, as originally given between the parties, was approved by an order of the. Special Term, dated May 14, 1897. That order was entered upon a consent signed by all the parties, which recited that the undertaking having been

rejected by the court, and the defendants having satisfied the plaintiff by collateral security, " it is hereby stipulated that the exceptions to the undertaking on appeal be withdrawn, and that the said undertaking stand as approved." It will thus be seen that the undertaking was never disallowed by any formal order. While the justice to whom the question was submitted announced his determination not to accept the same, the question still remained undecided until the stipulation between the parties, which resulted in this order of May 14, 1897, by which the undertaking was finally approved. On the 5th day of April, 1897, after the sureties had been examined, but before the question as to their sufficiency had been submitted to the court, the proceedings were adjourned, as before stated, to April eighth by stipulation, providing that the judgment debtors were to have time for the filing of a new undertaking, if justification therein was not sufficient. Pending that adjournment the execution was issued. The question is whether the undertaking did, as a fact, stay the plaintiff's proceeding upon the judgment, pending the determination of the question as to the sufficiency of the sureties. If these proceedings were stayed, then the execution was irregularly issued, and should have been vacated.

By section 1352 of the Code of Civil Procedure it is provided that upon an appeal from a final judgment the appellant may give the security required to perfect an appeal to the Court of Appeals from a judgment of the same amount, or to the same effect, and to stay the execution thereof. " In that case the execution of the judgment appealed from is stayed, as upon an appeal to the Court of Appeals, and subject to the same conditions." By section 1327 of the Code it is provided that if the appeal is taken from a judgment for a sum of money " it does not stay the execution of the judgment or order until the appellant gives a written undertaking to the effect that if the judgment or order appealed from, or any part thereof, is affirmed, or the appeal is dismissed, he will pay the sum recovered or directed to be paid by the judgment or order, or the part thereof as to which it is affirmed." Now, this undertaking was given by the appellants, and it, therefore, under the provisions of section 1352 of the Code, before cited, operated as a stay of the execution of the judgment appealed from. By section 1335 of the Code, it is provided that " it is not necessary that the undertaking should be approved, but

attorney for the respondent may, within ten days after the service of a copy of the undertaking, with notice of the filing thereof, serve upon the attorney for the appellant a written notice that he excepts to the sufficiency of the sureties. Within ten days thereafter, the sureties, or other sureties in a new undertaking to the same effect, must justify before the court below, or a judge thereof." The effect of these provisions is, we think, to stay the execution of the judgment, and of all proceedings thereunder, for ten days after the service of a notice that the respondent excepts to the sufficiency of the sureties. Upon the filing of the undertaking, if its sufficiency is not excepted to, then the undertaking acts as a stay of any further proceeding. If excepted to, the appellant has ten days from the time that such exceptions are served to procure the sureties to justify. For that ten days, unless the undertaking is disallowed by the court within that time, the undertaking acts as a stay of all proceedings to enforce the judgment.

Now, the notice excepting to the sufficiency of the sureties was served on the appellant's attorney on March 29, 1897. The execution was issued on April fifth, within ten days of the service of that notice, and the question as to the sufficiency of the sureties was not submitted to the court until long after the issuance of this execution. Thus, we think that, on the fifth of April, when this execution was issued, the undertaking still operated to stay plaintiff's proceedings to enforce the judgment, and that the execution was irregularly issued.

It follows, therefore, that the execution having been irregularly issued, it should be set aside, and to that extent the motion below must be granted.

There is nothing in the papers to justify the punishment of the plaintiff, or of his attorney, for contempt.

The order appealed from is reversed, with ten dollars costs and disbursements, and the execution by the plaintiff to enforce the judgment of April fifth set aside and canceled, with ten dollars costs of the motion in the court below.

Van Brunt, P. J., Rumsey and Williams, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted to the extent stated in opinion, with ten dollars costs.